UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN GODFRIED, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00372-NT |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant | | |

**ORDER ON SCOPE OF JURISDICTIONAL DISCOVERY**

During a telephonic hearing to address several discovery issues, the Court directed the parties to file written argument on Plaintiff's request to conduct jurisdictional discovery regarding Defendant's contacts with or activity in states other than Maine. (Order, ECF No. 35.)

When the plaintiff makes a colorable case for the existence of personal jurisdiction, the plaintiff may be entitled to "a modicum of jurisdictional discovery." *United States v. Swiss Am. Bank*, *Ltd*., 274 F.3d 610, 625 (1st Cir. 2001).  The court has broad discretion to award or deny jurisdictional discovery.  *Id.*

In this case, where Plaintiff asserts specific jurisdiction, the Court has permitted Plaintiff to conduct jurisdictional discovery.  Defendant objects, however, to Plaintiff's request for discovery regarding Defendant's activity, including its marketing activity, in other New England states.

"[F]or a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co. v. Super.*

*Ct.,* 137 S.Ct. 1173, 1780 (2017) (emphasis in original) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014)).  Plaintiff contends that given the proximity of the New England states to Maine and given that Defendant has identified a distributor of Ford tractors in Hartford, Connecticut (Def. Ans. to Int. 10, ECF No. 37-2), Defendant's activity in Connecticut and the other New England states is relevant to the jurisdictional issue.

Plaintiff's argument would in most cases effectively expand jurisdictional discovery to permit a plaintiff to discover information about the defendant's activity in neighboring or nearby states.  Such an expansion would be inconsistent with the First Circuit's guidance ("a modicum of jurisdictional discovery"), the fact that under *Bristol-Myers*, the focus of the specific jurisdiction issue is the defendant's contact with forum state, and the proportionality requirement of Federal Rule of Civil Procedure 26(b).  The Court is not persuaded that such an expansion is warranted in this case.

The Court, therefore, denies Plaintiff's request for further information in discovery regarding Defendant's activity in states other than Maine.[1]

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

Dated this 13th day of October, 2020.

/s/ John C. Nivison
U.S. Magistrate Judge

---

[1] As referenced above, in discovery, Defendant revealed that while it has not identified any distributors that purchased the model of tractor that is the subject to this action during the relevant period, a Hartford, Connecticut location distributed Ford tractors during the period. (Def. Ans. to Int. 10, ECF No. 37-2). In a discovery order, the Court directed Defendant to advise Plaintiff whether Defendant provided any promotional materials to the distributors and, if so, to identify the materials. (Order, ECF No. 35.)  If the information provided by Defendant suggests that that additional information regarding the Hartford location is relevant to Defendant's activity in Maine, Plaintiff can renew his request.